## NEIDING, Admr. v. BUCKLEY, Admr.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8978. Decided May 7, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

## DECEDENTS' ESTATES.

(220 D) Widow, whose husband has died prior to brother-in-law, not legal representative of deceased husband, and, as against blood relation, has no claim against estate of deceased brother-in-law.

Error to Common Pleas.

Judgment affirmed.

John A. Nieding, Cleveland, for Neiding.
Bryan L. Davidson and Jules Eshner, Cleveland, for Buckley.

## STATEMENT OF FACTS.

This cause is here on error from the Common Pleas Court of Cuyahoga County, and the question to be determined is whether the widow of Frank Pumaville, who predeceased his brother, Isaac, has any claim under the Ohio statutes to the estate or any part thereof, of Isaac Pumaville, aforesaid.

Demurrers were filed to the petition, amended petition and cross-petition in the court below, and the ruling of the court sustaining these demurrers is before us for review.

The demurrer searched in substance the following facts:

Isaac Pumaville died a bachelor on or about September 23, 1926. There were no children, naturally, and no legal representative of any children, but he left an estate consisting solely of personal property and it amounted to about $5500.00 consisting of money. His parents died before his own death or that of his brother, Frank.

Frank Pumaville was the only brother of Isaac, and there were no sisters, and Frank Pumaville died May 25, 1925, leaving no children or any legal representative, but leaving Margaret Pumaville his widow and it is claimed that she is the sole person entitled to the distribution of his estate under the statutes of Ohio. Thus the proposition to be determined was whether this widow is the sole distributee of Frank Pumaville and entitled to the estate of Isaac Pumaville as legal representative of her deceased husband, or, does the estate go to the blood relations of the father and mother of Isaac Pumaville.

Surviving Isaac Pumaville is an aunt, and her issue, and the issue of other deceased uncles and aunts, and they are the nearest in blood relationship and were at the time of his decease. It must be borne in mind that Frank Pumaville was a brother of Isaac Pumaville and died prior to the death of Isaac Pumaville, and there survived him, Margaret Pumaville who now claims the estate of Isaac Pumaville by reason of the fact that she was the widow of Frank Pumaville, deceased, prior to the death of Isaac Pumaville, as above noted. In sustaining the demurrer, the basis for the ruling obviously is that the widow is not entitled under the facts of the record, to the estate or any part thereof, of Isaac Pumaville.

Sections 8574-8578 of the General Code are the statutes relating to the distribution of property and other provisions should be examined in order to determine the question at issue, so we quote therefrom:

(Here follows quotation of these sections.)

Now, after examination of these statutes the question arises, was the widow in contemplation of law, a legal representative of her husband, Frank Pumaville? In Thomas v. Lett 4 N.P. 393, 6 D. 429, we find the following construction put upon the term, "legal representative."

"The term 'legal representative' means the 'lineal descendants' of those of different degrees of relationship mentioned in the section."

In Larkins et al v. Routson et al, 115 OS. 639, which we think is conclusive upon the question, we quote from the syllabus as follows:

(Here follows quotation as noted.)

Now quoting from pages 651 and 652 we read as follows:

(Here follows quotation as noted.)

"A significant fact is that when the Legislature desired to give a definite construction to the phrase 'legal representatives' it so did, as is shown by the amendmention of Section 8578 of General Code, personal property Section, passed March 12, 1925, (III Ohio Laws 32) which provides 'The term "legal representatives" as used herein shall be given the same meaning as under Section 8574 of the General Code'."

It is clear and obvious from an examination of Larkin supra, that under the statute of descent and distribution in Ohio, the term "legal representatives" signifies "lineal descendants" and the latter means, "descendants of the line," and of course, the line means "blood relationship," excepting otherwise provided by the statute, such as in Section 8578. If Frank Pumaville had died after Isaac Pumaville, and without issue, then his widow would come under that provision of the statute which says, "If there are no children or other legal representatives of the husband or wife, relict of such intestate." Even under such a status, the widow would not take because she was the legal representative, but because she was the next of kin under the statute, and again, under Section 8592 of the General Code, the estate would go to the widow when a person dies intestate and leaving no children or other legal representatives as "next of kin" under the statute, and by reason thereof she is entitled to all the personal property subject to distribution upon the settlement of the estate, and it has been held in Wilson v. Aamon, 20 N.P (n.s.) 129, that the widow is an heir of the husband under this section.

Thus it is our holding that "legal representatives" means "lineal descendants" and under the record in this case, the widow is not a lineal descendant, and therefore, as against a blood relationship, has no claim against the estate of Isaac Pumaville.

Upon this theory, the sustaining of the demurrers and the other rulings by the court below, are not tinctured with error for the judgments were in conformity to the statutes, and authorities appertaining thereto.

Thus holding the judgment of the lower court is hereby affirmed.

(Vickery and Levine, JJ., concur.)